UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN FRANCIS BYRNES,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEVRON CORPORATION, et al.,<br><br>    Defendants. | Case No. 21-cv-02686-TSH<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 78 |

## I.   INTRODUCTION

Pending before the Court is Plaintiff Martin Francis Byrnes' motion to amend pursuant to Federal Rule of Civil Procedure 15(a). ECF No. 78. Defendant Insight Wealth Strategies, LLC ("Insight"), filed an Opposition (ECF No. 79) and Plaintiff filed a Reply (ECF No. 82). No other Defendant filed an opposition to the Motion. The Court finds this matter suitable for disposition without oral argument and **VACATES** the October 24, 2024 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** the motion.[1]

## II.   BACKGROUND

Plaintiff is the alleged surviving spouse of Margaret Elizabeth Broussard, who died in January 2019. Proposed Second Am. Compl. ("Proposed SAC") ¶ 1, ECF No. 80-1. The Chevron Corporation Retirement Plan ("RP"), a defined benefit pension benefit plan, and the Chevron Corporation Employee Savings Investment Plan ("ESIP"), a defined contribution pension benefit plan, are employee pension benefit plans that are administered by Chevron. *Id.* ¶ 3. While she was an employee of Chevron, Broussard was a participant in both plans. *Id.* ¶ 2. As of

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 10, 23, 24, 25, 26, 49.

Broussard's retirement date, the value of the benefits due under the RP was approximately $1.9 million, and the value of the benefits due under the ESIP was approximately $3.1 million. *Id.*

Byrnes alleges Broussard was diagnosed with dementia in 2015 and was committed for psychiatric treatment in London, England, from September to December 2016. *Id.* ¶¶ 24, 38–40. Byrnes alleges that after she was released from the hospital, Broussard lived with Byrnes and was dependent on his support. *Id.* ¶ 42. Byrnes alleges that in January 2017, Broussard's sister, Anne Minvielle, took Broussard to Louisiana without contacting Byrnes or any of Broussard's doctors about the arrangements. *Id.* ¶ 43.

On or about May 17, 2017, Insight executed and filed documents on behalf of Broussard establishing a traditional Individual Retirement Account and a Roth Individual Retirement Account. *Id.* ¶ 5. Insight was the investment adviser and was conferred discretionary authority to manage and administer the distribution of assets from the IRAs. *Id.* ¶¶ 154, 167(b). Fidelity was made the custodian of the IRAs, and Minvielle was named the death beneficiary of the IRAs. *Id.* ¶¶ 6, 73. In May and July 2017, Chevron distributed the entire balance of Broussard's accrued benefits under the RP and ESIP combined, an amount of approximately $5 million, into the IRAs. *Id.* ¶ 3. Byrnes claims to be entitled to either all the RP and ESIP benefits that were paid out to Broussard or to beneficial ownership of the IRAs. *Id.* ¶¶ 107, 184 192, 227; Prayer for Relief ¶ 17.

On April 14, 2021, Plaintiff filed this action in this Court against Defendants Chevron Corporation; the Chevron Corporation Retirement Plan; the Chevron Corporation Employee Savings Investment Plan; Insight Wealth Strategies, LLC; Fidelity Management Trust Company, and Anne Minvielle, alleging seven claims under various provisions of ERISA. *See* Compl., ECF No. 1. On May 6, 2021, Plaintiff filed his First Amended Complaint against the same defendants, alleging failure to pay death benefits pursuant to ERISA § 502(a)(1)(B), seeking equitable relief pursuant to ERISA § 502(a)(3), alleging breach of fiduciary duty under ERISA § 409(a), failure to supply requested information under ERISA § 502(c), constructive trust pursuant to California Civil Code § 2224, lack of capacity, negligence pursuant to California Civil Code § 1714, improper conveyance of personal property pursuant to California Probate Code § 850, and

2

1    wrongful taking, concealment, or disposition of property pursuant to California Probate Code §

2    859.  ECF No. 13, First Am. Compl. ("FAC").

3           In July 2021, the parties stipulated to stay the litigation until Plaintiff had exhausted his

4    administrative remedies with defendants Chevron Corporation Retirement Plan and Chevron

5    Corporation Employee Savings Investment.  ECF No. 27.  On March 7, 2024, Plaintiff moved to

6    lift the stay.  ECF No. 30.  On March 22, 2024, the Court lifted the stay.  ECF No. 34.

7           On September 12, 2024, Plaintiff filed this Motion for Leave to File a Second Amended

8    Complaint ("SAC").  ECF No. 78.  In his Proposed SAC, in addition to Plaintiff's existing claims

9    against the existing defendants, Plaintiff adds claims against a new defendant, Leon Minvielle,

10   which Plaintiff alleges arise out of the same nucleus of operative facts as the claims Plaintiff

11   previously asserted in the FAC. Mot. at 2. [2]  Plaintiff's SAC also adds two claims against

12   Defendant Insight, for Elder Abuse under California Civil Code § 3345 and for Wrongful Taking,

13   Concealment or Disposition of Property under California Probate Code § 859.  Finally, Plaintiff's

14   SAC adds a claim against Defendant Anne Minvielle for Elder Abuse under California Civil Code

15   § 3345.  Mot. at 2.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its original pleading once as a matter of course within 21 days of serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  The Court considers five factors in deciding a motion for leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint.  *In re W. States*

---

[2] On September 26, 2024, Plaintiff filed a Notice of Errata requesting that the Court substitute the version of the SAC that was originally attached to Plaintiff's Motion as well as exhibits referenced in the body of the SAC.  ECF No. 80.  Defendants did not file any objection to this notice.  In considering Plaintiff's Motion, the Court considers the version of the SAC filed on September 26 (ECF No. 80-1).  Except where otherwise stated, citations within this order are to the September 26 SAC filing.

*Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). The rule is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.   DISCUSSION

### A.   Bad Faith and Undue Delay

As to the first two factors, the Court finds the proposed amendment is not sought in bad faith or with a dilatory motive. As to the first, bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early. *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). As to the second, a moving party's inability to sufficiently explain its delay may indicate that the delay was undue. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Whether the moving party knew or should have known the facts and theories raised in the proposed amendment at the time it filed its original pleadings is a relevant consideration in assessing untimeliness. *Id.*; *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."). However, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Rather, undue delay combined with other factors may warrant denial of leave to amend. *See, e.g., Jackson*, 902 F.2d at 1387-89 (holding that prejudice and undue delay are sufficient to deny leave to amend); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("delay of nearly two years, while not alone enough to

support denial, is nevertheless relevant").

Plaintiff filed the Motion on September 12, 2024, within the Court's deadline to seek leave to amend pleadings. *See* ECF No. 67. Insight does not contend Plaintiff acted in bad faith or with a dilatory motive. Accordingly, the Court finds no bad faith or undue delay in bringing this Motion.

### B. Prejudice to the Opposing Party

"[I]t is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). However, "[t]o overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings a showing of prejudice must be substantial." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) (citing *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

Insight does not argue it will suffer any prejudice if Plaintiff's Motion is granted. *See generally* Opp'n. The Court finds prejudice to Insight does not weigh against granting Plaintiff leave to amend.

### C. Futility of Amendment

The Court finds amendment is not futile. "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Allen v. Bayshore Mall*, 2013 WL 6441504, at *4 (N.D. Cal. Dec. 9, 2013) (citation omitted). As the Supreme Court has held, '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Foman*, 371 U.S. at 182. Still, "'[t]he merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment.'" *Allen*, 2013 WL 6441504, at *5 (quoting *McClurg v. Maricopa Cty.*, 2010 WL 3885142, at *1 (D. Ariz. Sept. 30, 2010)). Thus, "'denial [of a motion for leave to amend] on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *dpiX LLC v. Yieldboost Tech,*

5

*Inc.*, 2015 WL 5158534, at *3 (N.D. Cal. Sept. 2, 2015) (quoting *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010)).

In his Proposed SAC, Plaintiff adds two claims against Insight, for Elder Abuse under California Civil Code § 3345 (Count 10 of the Proposed SAC, which Plaintiff brings against Insight, Anne Minvielle and Leon Minvielle), and for Wrongful Taking, Concealment or Disposition of Property under California Probate Code § 859 (Count 11, of the Proposed SAC, against the same Defendants). Proposed SAC ¶¶ 230–33. Insight contends both of these claims would be futile as brought against Insight.

### 1. Count 10 – Claim for "Elder Abuse – California Civil Code § 3345" Against Insight

Insight asserts Plaintiff lacks standing to assert an elder abuse claim against Insight. Opp'n at 3–5. Insight contends Broussard was not an "elder" under the meaning of California's Elder Abuse Act because she did not reside in California when the alleged abuse took place. Opp'n at 4. Byrnes alleges Broussard attained domicile in California in 1988 and was a resident of California from January 2011 until at least June 2017. Proposed SAC ¶¶ 155–56. Drawing all inferences in favor of granting the motion, the Court declines to find Broussard was not a resident of California for the purposes of Byrnes's Elder Abuse claim. Byrnes further contends that although Count 10 of the Proposed SAC is labeled as a claim for "Elder Abuse," Byrnes uses this term as shorthand for the Elder Abuse and Dependent Adult Civil Protection Act, which proscribes financial abuse of an elder or dependent adult. Reply at 2; Cal. Welf. & Inst. Code §§ 15600 to § 15675. *See also* Cal. Welf. & Inst. Code § 15610.30(a) (defining "financial abuse" of elder or dependent adult). Byrnes was thus not required to allege Broussard was an "elder" to bring a claim under California Welfare & Institutions Code § 15610.30. Byrnes alleges Broussard was a "dependent adult" within the meaning of California Welfare & Institutions Code § 15610.23, and Byrnes alleges that Insight committed "financial dependent adult abuse against Broussard[.]" Proposed SAC ¶¶ 5, 160(h), 170.

Plaintiff alleges he is an interested person under California Welfare & Institutions Code § 15600, which allows "interested persons" to bring claims under the Elder Abuse Act. Proposed

6

1  SAC ¶ 153; Cal. Welf. & Inst. Code § 15600(j). Insight contends, however, that Plaintiff still

2  lacks standing because Broussard disinherited Plaintiff and gave Ms. Minvielle extensive powers

3  of attorney. Opp'n at 3. Insight contends Plaintiff's remedies must therefore lie in probate

4  proceedings or direct claims against Chevron. *Id.* The Court finds this argument goes to the

5  merits of Plaintiff's proposed amended pleading and should be considered after the amended

6  Complaint is filed.

7  Insight further argues that Plaintiff's factual allegations cannot sustain an elder abuse claim

8  against Insight because Plaintiff fails to allege that Insight retained any property. Opp'n at 6.

9  However, California's Elder Abuse statute allows a plaintiff to maintain an action against a person

10  or entity who "*[a]ssists* in taking, secreting, appropriating, obtaining, or retaining real or personal

11  property of an elder or dependent adult for a wrongful use or with intent to defraud, or both[,]" or

12  "by undue influence." Cal. Welf. & Inst. Code § 15610.30(a)(2), (3) (emphasis added). Insight

13  further contends the proposed SAC does not contain any facts to show that Insight's actions were

14  a substantial factor in causing the alleged harm. Opp'n at 9. The Court finds this argument also

15  goes to the merits of Plaintiff's proposed SAC and should be considered after the SAC is filed.

16  Accordingly, the Court finds amendment is not futile as to Count 10 of the Proposed SAC.

17   **2.  Count 11 – Claim for "Wrongful Taking, Concealment or Disposition of Property; Cal. Probate Code §859" Against Insight**
18

19  Insight argues Plaintiff's proposed amendment to add a claim for wrongful taking,

20  concealment or disposition of property against Insight would be futile because Plaintiff's factual

21  allegations show that Insight did not take any distributions from the Plans or IRAs. Opp'n at 9.

22  The Court finds this argument also goes to the merits of Plaintiff's proposed SAC and should be

23  considered after the SAC is filed.

24  Accordingly, the Court finds amendment is not futile.

25  **D.  Previous Amendments**

26  Courts have broader discretion in denying motions for leave to amend after leave to amend

27  has already been granted. *See Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) ("[W]hen the

28  district court has already afforded a plaintiff an opportunity to amend the complaint, it has wide

7

discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will its rulings be disturbed."); *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Plaintiff has amended his complaint once before. However, the Court finds this does not overcome the factors that weigh in favor of granting leave to amend.

### E. Further Amendment of Elder Abuse Claim

Plaintiff says he is amenable to changing the title of Count 10 from "Elder Abuse" to "Financial Abuse of Dependent Adult." Reply at 2. The Court finds such a change reflects the allegations Plaintiff makes in his Proposed SAC and would not prejudice Defendants. Accordingly, Plaintiff may amend the title of Count 10 to "Financial Abuse of Dependent Adult."

## V. CONCLUSION

Based on the analysis above, the Court **GRANTS** the motion to amend. Plaintiff shall file the amended complaint as a separate docket entry within seven days from the date of this order.

**IT IS SO ORDERED.**

Dated: October 21, 2024

THOMAS S. HIXSON
United States Magistrate Judge